IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01374-BNB

LEROY W. BAKER #82907,

    Plaintiff,

v.

ARISTEDES ZARVARAS [sic], Dir. D.O.C.,
KEVIN MILYARD, Warden, Ster. Corr. Fac.,
4 UNKNOWN OFFICERS,
OFFICER BOYER,
OFFICER SCHROPFER,
OFFICER SGT. BUCKNER, and
OFFICER GRANT,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Leroy W. Baker, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Baker initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* without an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Baker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baker will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Baker and finds it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Baker fails to set forth a short and plain statement of his claims showing that he is entitled to relief; he has presented his claims in a narrative chronological format that is repetitive rather than asserting the claims in a short and concise format. Therefore, Mr. Baker will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Baker must present his claims in a short and concise format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se*

pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Baker must allege specific facts in his Amended Complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baker must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Executive Director Aristedes Zavaras or Warden Kevin Milyard, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10thCir. 2007).

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR

10.1E. and G. The complaint Mr. Baker filed is difficult to read because it is single-spaced and written in all capital letters. The amended complaint Mr. Baker will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters. Accordingly, it is

ORDERED that Mr. Baker file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Baker, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Baker fails to comply with this Order within the time allowed the action will be dismissed without further notice

DATED June 24, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01374-BNB

Leroy W Baker
Prisoner No. 82907
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on June 24, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk