FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 09 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01374-BNB

LEROY W. BAKER #82907,

    Plaintiff,

v.

ARISTEDES ZARVARAS [sic], Dir. D.O.C.,
KEVIN MILYARD, Warden, Ster. Corr. Fac.,
4 UNKNOWN OFFICERS,
OFFICER BOYER,
OFFICER SCHROPFER,
OFFICER SGT. BUCKNER, and
OFFICER GRANT,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Leroy W. Baker, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Baker initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* without an initial partial filing fee.

    On June 24, 2011, the Court found that the complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of each named defendant. Therefore, Mr. Baker was directed to file an amended complaint, which he filed on July 13, 2011.

The Court must construe the amended complaint liberally because Mr. Baker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baker will be ordered to file a second and final amended complaint.

The Court has reviewed the amended complaint filed by Mr. Baker and finds it again does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In the amended complaint, Mr. Baker fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He asserts three claims for relief,

although the claims contain different and unrelated allegations. For instance, in his first claim, Mr. Baker asserts a claim for property damage based on the confiscation of his religious items, but he also asserts that he has been denied access to the courts because he is denied access to writing material and to the law library. He further asserts that his life is in danger and requests a transfer to the Federal Detention Center in Littleton, Colorado. In his third claim, which asserts that the named Defendants have violated his First Amendment rights, Mr. Baker provides a long and confusing background regarding the litigation of his claims in the state courts. In general, Mr. Baker sets forth an unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint and its asserted claims are vague and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Therefore, Mr. Baker will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8. Mr. Baker must present his claims in a short and concise format. Mr. Baker does not need to include citations to case law; instead, he need only provide a short statement of his claims and assert violations of his constitutional rights. Mr. Baker also must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se*

pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Baker must allege specific facts in his second and final amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baker must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Executive Director Aristedes Zavaras or Warden Kevin Milyard, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, Mr. Baker's second and final amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Baker filed is difficult to read because it is single-spaced and written in all capital letters. Therefore, the second and final amended complaint Mr. Baker will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters. Accordingly, it is

ORDERED that Mr. Baker file, **within thirty days from the date of this Order**, a second and final amended complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that Mr. Baker shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Baker fails to comply with this Order within the time allowed the amended complaint and the action will be dismissed without further notice

DATED August 9, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01374-BNB

Leroy W Baker
Prisoner No. 82907
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 9, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                        Deputy Clerk