IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01374-BNB

LEROY W. BAKER, # 82907,

    Plaintiff,

v.

ARISTIDES ZAVARAS, Dir. D.O.C.,
KEVIN MILYARD, Warden, S.C.F.,
FOUR UNKNOWN OFFICERS,
OFFICER BOYER,
OFFICER SCHROPFER,
OFFICER SGT. BUCKNER,
OFFICER GRANT, and
ALL OTHER OFFICERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 5 2011

GREGORY C. LANGHAM
                      CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Leroy W. Baker, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Mr. Baker initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

On June 24, 2011, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of all named

1

Defendants. Accordingly, Magistrate Judge Boland directed Mr. Baker to file an amended prisoner complaint within thirty days. Mr. Baker submitted an amended complaint on July 13, 2011.

On August 9, 2011, Magistrate Judge Boland again determined that the amended complaint was deficient because it failed to comply with Rule 8 and failed to allege the personal participation of each named Defendant. Therefore, Magistrate Judge Boland directed Mr. Baker to file a second and final amended complaint. Mr. Baker submitted a second and final amended complaint on September 7, 2011.

The Court must construe the second amended complaint liberally because Mr. Baker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Baker is a prisoner and the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Although the second amended complaint is not a model of clarity, Mr. Baker appears to assert one claim for violation of his First Amendment right. He alleges that on February 17, 2010, Defendants Buckner and Grant searched his cell and told him that he could not have any religious pictures. Mr. Baker alleges that Defendants Buckner and Grant confiscated all of his religious pictures, in addition to his bible, Koran, prayer rug and other religious books. He asserts that these Defendants have violated DOC Administrative Regulation (AR) 1450-01 and his First Amendment right to exercise his religion freely. As relief, he seeks damages and costs.

However, the Court notes that Mr. Baker is suing Defendants Executive Director Aristides Zavaras and SCF Warden Kevin Milyard because these Defendants allegedly are responsible for the constitutional violations committed by other individuals. Mr. Baker's allegations fail to establish the personal participation of Defendants Zavaras and Milyard. Mr. Baker was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of **respondeat superior**. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not

recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Baker has failed to demonstrate an affirmative link between the alleged constitutional violations and Defendants Zavaras and Milyard. Because Mr. Baker fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Zavaras and Milyard are improper parties to the action and will be dismissed. In addition, Mr. Baker has failed to include any allegations in the second amended complaint that demonstrate the personal participation of Defendants Four Unknown Officers, Officer Boyer, Officer Schropfer and All Other Officers. Therefore, these Defendants will also be dismissed as improper parties to the action.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Baker's First Amendment claim does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Aristedes Zavaras, Kevin Milyard, Four Unknown Officers, Officer Boyer, Officer Schropfer and All Other Officers are dismissed as parties to this action for Plaintiff's failure to allege their personal participation. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __15th__ day of __September__, 2011.

BY THE COURT:

      s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01374-BNB

Leroy W Baker
Prisoner No. 82907
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 15, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk