IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01374-REB-KLM

LEROY W. BAKER,

      Plaintiff,

v.

BUCKNER, Officer: S.G.T., and
GRANT, Officer.

      Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' Motion to Dismiss [Docket No. 22;
Filed November 28, 2011] (the "Motion").  The motion is referred to this Court for
recommendation [#24].  Plaintiff filed a Response to the Motion on December 19, 2011
[#25].  Defendants did not file a Reply.  The Court has reviewed the Motion, the Response,
and the applicable law, and is sufficiently advised in the premises.  For the reasons set
forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I.  Summary of the Case**

      Plaintiff is a state prisoner incarcerated at the Sterling Correctional Facility in
Sterling, Colorado.  Plaintiff initiated this lawsuit *pro se* pursuant to 28 U.S.C. § 1343 and
42 U.S.C. § 1983 on May 24, 2011 [# 1].  In his Second Amended Complaint, which is the
operative pleading, Plaintiff brings four claims: 1) denial of legal access and retaliation for
placing Plaintiff in a segregated unit, limiting Plaintiff's law library access to two hours per
week, and delivering Plaintiff's legal mail two or three days late after Plaintiff filed

grievances and lawsuits against Defendants; 2) due process violation against Defendants

Buckner and Grant for confiscating Plaintiff's religious pictures, Holy Bible, Holy "Koran,"

prayer rug, and other books; 3) First Amendment violation against Defendants Buckner and

Grant for confiscating Plaintiff's religious pictures, Holy Bible, Holy "Koran," prayer rug, and

other books; and 4) violation of Colorado law and prison Administrative Regulations against

Defendants Buckner and Grant for confiscating Plaintiff's religious pictures. *See Am.*

*Compl.*, [#13]. Plaintiff requests $50,000.00 for attorney's fees and $25,000.00 for pain and

suffering. *Id.* at 11.

In an Order to Dismiss in Part and to Draw Case to a District Judge and to a

Magistrate Judge [Docket No. 14; Filed September 15, 2011] (the "Order"), the Court

dismissed Plaintiff's claims against Defendants Aristedes Zavaras, Kevin Milyard, Four

Unknown Officers, Officer Boyer, Officer Schropfer, and All Other Officers due to Plaintiff's

failure to allege their personal participation in the alleged violations of law referenced in the

Second Amended Complaint.

Defendants responded to Plaintiff's Second Amended Complaint with the Motion at

issue. Defendants ask the Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P.

12(b)(6). First, Defendants contend that the State of Colorado provides post-deprivation

remedies which bar Plaintiff's due process claim pursuant to 42 U.S.C. § 1983. The

alleged state remedies include the CDOC three-step prison grievance process and the

availability of tort claims under state law. [#22] at 3-4. Second, Defendants contend that

Plaintiff fails to allege sufficient facts to state a claim for denial of legal access pursuant to

42 U.S.C. § 1983, and fails to allege the degree of personal participation required to state

a claim against these Defendants. *Id.* at 5-7. Third, Defendants contend that Plaintiff fails

2

to allege the degree of personal participation required to state a claim for retaliation against these Defendants pursuant to 42 U.S.C. § 1983. *Id.* at 7-9. Fourth, Defendants contend that a violation of a prison regulation does not constitute a constitutional violation. *Id.* 9. Fifth, Defendants assert the defense of qualified immunity to all claims against them in their individual capacities. *Id.* at 9-10. Sixth, Defendants contend that pursuant to 42 U.S.C. § 1983, the Prison Litigation Reform Act (the "PLRA") bars Plaintiff from recovering for emotional and mental distress without alleging and proving that he suffered a physical injury. *Id.* at 10-11.

In his Response, Plaintiff first requests that the court reinstate original Defendants Clements and Milyard regarding his due process claim on the basis of respondeat superior. [#25] at 2-3. Second, Plaintiff alleges that an unnamed shift commander removed Plaintiff from the general prison population on four occasions when Plaintiff had court filings due. Plaintiff alleges that unnamed prison officials then denied Plaintiff access to his legal papers which resulted in the dismissal or appeal of three of his complaints. *Id.* at 4-5. Third, Plaintiff emphasizes the court's obligation to consider his status as a *pro se* litigant. *Id.* at 5-7. Fourth, Plaintiff defends his claim that Colorado law and prison Administrative Regulations establish constitutionally protected rights which Defendants Buckner and Grant violated. *Id.* at 8-11. Fifth, Plaintiff reasserts that Defendants Buckner and Grant violated the First Amendment, Fifth Amendment, and Fourteenth Amendment when they confiscated his religious pictures, books, and prayer rug. *Id.* at 12-13. Sixth, Plaintiff alleges that 42 U.S.C. § 1988 entitles Plaintiff to attorney's fees in the amount of $30,000.00. *Id.* at 13-15.

In his Response, Plaintiff also raises new issues and claims that he did not raise in

3

his Second Amended Complaint.  First, Plaintiff requests "a trial by jury, that was denied [to] [him] on the State level."  [#25] at 7-8.  However, if Plaintiff seeks to request a jury trial, he must file a written "demand" pursuant to Fed. R. Civ. P. 38(b).  Second, Plaintiff asserts his right to discovery regarding "records, cameras, tapes, [and] transcripts of hearings held with [his] name or image on them, that are held by D.O.C."  [#25] at 4-5.  However, Plaintiff's request is premature because "no scheduling conference has taken place, no scheduling order is in place, and . . . the court has not set discovery parameters." *Shell v. Am. Family Rights Ass'n*, No. 09-CV-00309-MSK-KMT, 2009 WL 1190192, at *1 (D.Colo. Apr 20, 2009).  Therefore, Plaintiff is not entitled to discovery at this time.  Third, Plaintiff makes new factual allegations to the effect that: 1) Defendant Buckner, former Defendant Boyer, and former Defendant Schropfer violated the Eighth Amendment; and 2) Defendants Buckner and Grant violated the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Acts ("RLUIPA").  [#25] at 11-13.  Plaintiff failed to raise these allegations in his Second Amended Complaint.[1]  Therefore, if Plaintiff seeks to present these allegations, he must exhaust his administrative remedies and seek permission from the Court to amend his complaint.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 15(a)(2).

## II.  Standard of Review

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40

---

[1]  Although Plaintiff presented allegations of RFRA and RLUIPA violations in his original Complaint, he failed to make these allegations in his Second Amended Complaint.  "[A]n amended complaint 'supercedes an original complaint and renders the original complaint without legal effect.'" *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (citation omitted).  Additionally, in his Second Amended Complaint, Plaintiff alleged a substantively similar First Amendment claim which the Court addresses below.

F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493

5

F.3d 1174, 1177 (10th Cir. 2007).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

Despite the varying labels Plaintiff has attached to his myriad claims, and his attempts to package each claim under multiple constitutional dimensions, the Court is not rigidly guided by Plaintiff's labels.  *See Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

### A.      Defendants Clements and Milyard

Plaintiff's Second Amended Complaint listed Defendants Aristedes Zavaras, Kevin Milyard, Four Unknown Officers, Officer Boyer, Officer Schropfer, Officer Buckner, Officer Grant, and All Other Officers.  *See* [#13].  In the original Order to Dismiss in Part, the Court

dismissed Plaintiff's claims against all Defendants except for Defendants Buckner and Grant. *See* [#14].  In his Response, Plaintiff requests that the Court reinstate Plaintiff's due process claim against Defendants Clements and Milyard on the basis of respondeat superior.  [#25] at 2-4.  The Court already addressed this issue in the original Order to Dismiss in Part.  Accordingly, the Court recommends that the request be denied.  *See* [#14].

## B.    Damages

Plaintiff requests $25,000.00 for pain and suffering.  [#13] at 11.  However, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Section 1997e(e) bars compensatory damages for mental and emotional injuries suffered by a prisoner (regardless of the nature of the right asserted) in the absence of physical injury. *Harris v. Matthews*, 417 F. App'x 758, 763 n. 9 (10th Cir. 2011) (unreported).  However, this provision does not preclude recovery of nominal or punitive damages for violations of a prisoners' constitutional rights, or requests for declaratory or injunctive relief.  *Id.* (citations omitted).  Plaintiff fails to allege any physical injury. *See* [#13]; [#25].  In light of Plaintiff's failure to state a physical injury, Plaintiff's request for compensatory damages also fails. Plaintiff's claims are, therefore, addressed as to their viability regarding requests for nominal or punitive damages or declaratory or injunctive relief.

## C.    Claim 1: Denial of Legal Access and Retaliation Claims

Plaintiff alleges a denial of legal access and a retaliation claim against Defendants for placing him in a segregated unit, limiting his law library access to two hours per week,

and delivering his legal mail two or three days late.  [#13] at 6.  "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a Section 1983 claim." (citations omitted)).   A defendant was personally involved in an alleged constitutional violation only if there is an "affirmative link" between his or her conduct and the described violation. *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001).

Here, Plaintiff states that "[s]ince the filing of this complaint, I have been taken out of population, and put on a segregation unit.  I am being denied access to the courts.  I only get to go to the Law Library once a week, for 2 hours.  My Legal mail is always two to three days late, I can't keep deadline dates.  The research material is very poor." [#13] at 6.  In his Response, Plaintiff states that "I have been taken out of population by the same shift commander on 4 different occa[s]ions.  Each time when I have deadlines with this Court. Every time when I am cuffed-up and taken straight to lock-up without my legal papers with me.  My legal papers [are] taken to [the] property room.  Where it can take weeks for you to get them back.  This act of retaliation has caused 3 three [sic] of my complaints to [be] dismissed and appealed." [#25] at 4-5.

For their part, Defendants contend that "Plaintiff's allegations that he has been denied legal access due to his placement in segregation do not establish that the actual Defendants in this case had any role in causing him to be placed in segregation, nor any role in the alleged inadequacies with the legal services provided to him in segregation." [#22] at 5-6.  The Court agrees.  Plaintiff fails to specifically identify either Defendant

8

Buckner or Defendant Grant as the officer who placed Plaintiff in a segregated unit within the prison, limited his access to the law library to two hours per week, delivered his legal mail two or three days late, or took his legal papers to the property room.  The only alleged wrongdoer Plaintiff identifies regarding his denial of legal access and retaliation claims is an unnamed "shift commander," and Plaintiff only does so in his Response.  *See* [#13]; [#25].  It is unclear whether Defendant Buckner or Defendant Grant is the unnamed "shift commander."   Plaintiff has failed to make any specific allegations against Defendant Buckner or Defendant Grant relating to his claims for denial of legal access and retaliation, and leaves the Court to speculate about what they supposedly did wrong.  Because Plaintiff has failed to allege that Defendants personally participated in the alleged wrong, his claims cannot survive.  However, Plaintiff should be afforded an opportunity to amend these claims to identify the unnamed "shift commander."   Accordingly, the Court recommends that Plaintiff's claims for denial of legal access and retaliation be dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### D.    Claim 2: Due Process Claim

Plaintiff alleges that Defendants Buckner and Grant violated the due process clause of the Fifth and Fourteenth Amendments when they confiscated Plaintiff's religious pictures, Holy Bible, Holy "Koran," prayer rug, and other books.  [#13] at 3; [#25] at 12-13.  The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. V.  The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV, § 1.  Similarly, "Private property shall not be taken or damaged, for public or private use, without just

compensation." C.R.S. Const. Art. 2, § 15.  However, Defendants contend that the State of Colorado provides post-deprivation remedies which bar Plaintiff's due process claim pursuant to 42 U.S.C. § 1983.  The alleged state remedies include the CDOC three-step prison grievance process  pursuant to AR 850-04 and the availability of tort claims under state law pursuant to C.R.S. § 24-10-118.  [#22] at 3-4

Prisoners in disciplinary hearings are entitled to fewer due process rights than free citizens.  *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974).  Prisoners must be given written notice of the charges against them, a reasonable opportunity to present exculpating evidence, and a written statement by the factfinders regarding the evidence relied upon and the reasons for taking disciplinary action.  *See id.* at 564-66.  The Supreme Court further held that the state may remedy due process violations by providing adequate post-deprivation remedies.  *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Parratt v. Taylor*, 451 U.S. 527 (1981) (holding post-deprivation state remedies satisfied the requirements of due process regarding an "unauthorized failure of agents of the State to follow established state procedure"), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  Therefore, Plaintiff "must make some allegation showing [Defendants] have *in fact* denied him an adequate state remedy.  In order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy." *Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (emphasis in original).

According to Plaintiff, he completed "all 3 levels of the grievance process before [he] filed in the Logan County Combine[d] Courts . . . The Small Claims Court dismissed the Complaint on no jurisdiction. [He] appealed to the District Court, who dismiss[ed] it without a hearing, [he] appealed to the Court of Appeals, [t]hey refused to reply." [#13] at 4. Plaintiff also states that "I filed this complaint as a Tort Claim in Small [Claims] Court [in] Logan County. After finishing step #3 of the facilities Grievance procedure . . . I appealed to the Highest State Court." [#25] at 1.

Plaintiff misunderstands the law. His due process claim is barred if the state provides remedies for the alleged wrongful takings; Plaintiff does not have to win his state court lawsuits in order for his due process claim to be prohibited. Plaintiff alleges that he utilized two post-deprivation State remedies, the CDOC three-step prison grievance process pursuant to AR 850-04 and filing of tort claims under state law. He has not disputed the availability of either state remedy. Instead, he has acknowledged the availability of both remedies for redress. [#13] at 4; [#25] at 3-4. Although Plaintiff did not prevail in either state remedy, he fails to allege facts showing a "lack of an adequate state remedy." *Durre*, 869 F.2d at 548. Therefore, post-deprivation state remedies bar Plaintiff's due process claim pursuant to 42 U.S.C. § 1983. *Hudson*, 468 U.S. 517; *Parratt*, 451 U.S. 527. Accordingly, the Court recommends that Plaintiff's due process claim be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

E.      **Claim 3: First Amendment Claim**

Plaintiff alleges that Defendants Buckner and Grant violated the First Amendment when they confiscated his religious pictures, Holy Bible, Holy "Koran," prayer rug, and other books. [#13] at 3; [#25] at 12-13. "In order to allege a constitutional violation based on a

free exercise claim, a prisoner-plaintiff must survive a two-step inquiry.   First, the prisoner-plaintiff must first show that a prison regulation 'substantially burdened . . . sincerely-held religious beliefs.'"   *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (*quoting Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)).   "Consequently, '[t]he first questions in any free exercise claim are whether the plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held.'"   *Id.* (*quoting Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997)).   "Second, prison officials-defendants may 'identif[y] the legitimate penological interests that justif[ied] the impinging conduct.'"   *Id.* (*quoting Boles*, 486 F.3d at 1182).   The Court then balances the factors articulated in *Turner v. Safely*, 482 U.S. 78 (1987), to evaluate whether the regulation is reasonable.   These factors are:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Id.* at 1219 (*quoting Boles*, 486 F.3d at 1181) ( "*Turner v. Safely*" factors).

The Court is first tasked with assessing whether Plaintiff's beliefs are religious in nature and sincerely-held.   Plaintiff alleges that Defendants substantially burdened his sincerely-held religious beliefs when they confiscated his religious pictures, Holy Bible, Holy "Koran," prayer rug, and other books.   [#13] at 9; [#25] at 12-13.   In his Response, Plaintiff states that "I am a Mason, [t]he pictures [Defendant Buckner] took down were of George Washington with his apron on as he is in the Capit[o]l Building in Washington D.C.   He and

all the other Presidents who were Masons."[2]  [#25] at 11.  Therefore, Plaintiff asserts his

Masonic membership and that Defendants confiscated pictures of George Washington, as

well as religious texts.  However, Plaintiff fails to assert the religious nature of his beliefs

and practices, the sincerity of his beliefs, and that Defendants substantially burdened his

beliefs.  In addition to failing to identify his religion, Plaintiff's beliefs are unclear because

he possesses a Holy Bible and a Holy "Koran," texts which set forth different religious

beliefs.  Possession of these religious items alone fails to identify Plaintiff's religion or to

appropriately allege any sincerely-held religious beliefs.  This fact, combined with Plaintiff's

generic allegations, creates ample doubt about whether Plaintiff is motivated by a

sincerely-held religious belief.  Additionally, Plaintiff fails to state his religious use for each

allegedly confiscated item, fails to state how long Defendants allegedly deprived him of his

possessions and fails to assert how the alleged deprivation limited his ability to practice to

his religion.  Importantly, he fails to allege any inability to practice his religion, or any

cognizable burden on it, whatever it may be.  The Court thus need not inquire about

Defendants' justification or consider the *Turner v. Safely* factors.  Because Plaintiff has

failed to allege the requisite sincerely-held belief and a substantial burden on his religious

beliefs, his claim cannot survive.  However, Plaintiff should be afforded an opportunity to

amend this claim to specifically identify his religion, explain his beliefs, and provide

additional factual details about how and for how long his religious practices were impacted

---

[2] "Freemasonry as an organization does recognize the existence of Supreme Being, and new members are required to swear that they hold such a belief.  Beyond that, however, Freemasonry has no religious requirements, nor does it teach specific religious beliefs.  In fact, neither politics nor religion are to be discussed within a Masonic Lodge, which makes defining Freemasonry as a religion to be rather absurd."  Catherine Beyer, *Is Freemasonry a Religion?*, About.com, http://altreligion.about.com/od/controversymisconception/a/freemason.htm (last visited May 14, 2012); *see also Bressler v. Am. Fed'n of Human Rights*, 44 Fed. Appx. 303 (10th Cir. 2002).

by the alleged removal of religious texts. Accordingly, the Court recommends that Plaintiff's claim for violation of the First Amendment be dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

**F.    Claim 4: Constitutionally-Protected State Rights Claim**

Plaintiff alleges that Colorado law and certain prison Administrative Regulations establish constitutionally protected rights which Defendants Buckner and Grant violated when they confiscated Plaintiff's religious pictures pursuant to an Administrative Regulation. [#13] at 3, 9; [#25] at 8-11. Plaintiff alleges that Defendant Buckner showed Plaintiff the Administrative Regulation. Plaintiff alleges that it prohibits inmates from posting "nude, or partial nude pictures" in cells, but does not prohibit inmates from posting religious pictures. [#13] at 3. Plaintiff alleges that prisoners were previously permitted to post anything they chose to post. *Id.* at 8. "The rules say[] he is allowed to order these nude magazines from any company." [#25] at 12. "[T]his facility has created a set of: O.M.s = Office Memorandums. These memorandums are contrary to standard A.R.s = Administrative Regulations which all inmates are obligated to go by. These illegal memorandums are the cause of the wrong being done to me an[d] all other inmates." [#25] at 8. Plaintiff alleges that the "Penitentiary Code of Penal Discipline and Manual and Policy on Classification" created "constitutionally protected liberty interest rights; when the State of Colorado created title 17 of the Colorado Revised Statute . . . and these rights cannot be legally suspended." [#25] at 9.

First, Plaintiff fails to establish that the confiscated pictures were religious in nature. *See supra* note 2. Second, Plaintiff again misunderstands the law. Such policies are

"primarily designed to guide correction officials in the administration of a prison . . . . [They are] not designed to confer rights on inmates . . . ." *Sandin v. Conner*, 515 U.S. 472, 481-82.  Even if a violation of a regulation occurred, the failure to adhere to facility policy, without more, "does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir.1993).  As noted above, confiscation of Defendants' "religious pictures" pursuant to an Administrative Regulation or Colorado statute does not equate to a constitutional violation.  Accordingly, the Court recommends that Plaintiff's state rights claim be dismissed for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## G.    Leave to Amend

The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, No. 91-4084, 1992 WL 219037, at *3-4 (10th Cir. Sept. 9, 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice).  However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A

dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))).  Even as courts are careful to protect the rights of *pro se* plaintiffs, they frequently find that granting the opportunity to amend would be futile. *See, e. g., Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010) (describing a set of circumstances under which giving a plaintiff an opportunity to amend his complaint would not be futile as "unique"); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues" (emphasis added)); *but see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." (citations omitted)).

Here, Plaintiff's first claim fails to allege personal participation by Defendants. However, in his Response, Plaintiff identified the alleged wrongdoer as an unnamed "shift commander."  [#25] at 4-5.  Therefore, the Court grants Plaintiff leave to amend his first claim to identify the unnamed "shift commander."[3]  However, no amendment to Plaintiff's Complaint would change the fact that his second claim for relief is barred by post-deprivation state remedies pursuant to 42 U.S.C. § 1983, and accordingly, dismissal with prejudice is appropriate.  Therefore, leave to amend his second claim would be futile.  As for Plaintiff's third claim, Plaintiff fails to plausibly plead the requisite sincerely-held belief

---

[3]  The Court does not make any determination at this time as to whether the statute of limitations would preclude this claim if raised in a Third Amended Complaint.

and a substantial burden on his religious beliefs.  However, in his Second Amended Complaint and Response, Plaintiff alleged that Defendants removed religious texts from his prison cell.  *See* [#13]; [#15].  Therefore, the Court grants Plaintiff leave to amend his third claim to specifically identify his religion; explain his beliefs; and provide additional factual details about how and for how long his religious practices were impacted by the alleged removal of religious texts.  As for Plaintiff's fourth claim, no amendment to Plaintiff's Complaint would change the fact that his claim  fails to plausibly plead a state-created constitutionally protected right, and accordingly, dismissal with prejudice is appropriate.  Therefore, leave to amend his fourth claim would be futile.

## IV.  Conclusion

In sum, the Court previously dismissed Defendants Aristedes Zavaras, Kevin Milyard, Four Unknown Officers, Officer Boyer, Officer Schropfer, and All Other Officers by Order, and Plaintiff has failed to assert any plausible basis for reinstating them as Defendants in this action.  *See* [#14].  Plaintiff's denial of legal access and retaliation claims fail to allege personal participation by Defendants; post-deprivation state remedies bar Plaintiff's due process claim pursuant to 42 U.S.C. § 1983; Plaintiff's First Amendment claim fails to plausibly plead the requisite sincerely-held belief and a substantial burden on Plaintiff's religious beliefs; and Plaintiff's state rights claim fails to plausibly plead a state-created constitutionally protected right.

In his Second Amended Complaint, Plaintiff requests $50,000.00 for attorney's fees. [#13] at 11.  In his Response, Plaintiff alleges he is entitled to $30,000.00 in attorney's fees. [#25] at 13-15.  However, attorney's fees are not warranted unless Plaintiff is successful in prosecuting his claims.  42 U.S.C. § 1988.

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that Defendants' Motion [#22] be **GRANTED** and that Plaintiff's Claims One and Three be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Claims Two and Four be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that Plaintiff be permitted to file a Third Amended Complaint within thirty (30) days of the District Judge's decision regarding this Recommendation to: (1) reassert his claim for denial of legal access and retaliation by identifying the unnamed shift commander; and (2) reassert his First Amendment claim by (a) specifically identifying his religion; (b) explaining his beliefs; and (c) providing additional factual details about how and for how long his religious practices were impacted by the alleged removal of religious texts from his prison cell.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 15, 2012, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge