**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  11-cv-01374-REB-KLM

LEROY W. BAKER,

     Plaintiff,

v.

BUCKNER, Officer: S.G.T., and
GRANT, Officer.

     Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#29][1] filed May 15, 2012; and (2) the **Defendants' Motion to Dismiss** [#22] filed December 19, 2011.  No objections having been filed, I review the recommendation for plain error only.  ***See Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the magistrate judge's recommended disposition, I find and conclude that the recommendation should be approved and adopted.

---

[1]  "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

[2]  This standard pertains even though plaintiff is proceeding *pro se* in this matter.  ***Morales-Fernandez***, 418 F.3d at 1122.  In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See *Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Recommendation of United States Magistrate Judge** [#29] filed May 15, 2012, is **APPROVED AND ADOPTED** as an order of this court;

2. That the plaintiff's request to reinstate his due process claim against quondam defendants Clements and Milyard is **DENIED**[3];

3. That under 42 U.S.C. § 1997e(e), the plaintiff's request for compensatory damages is **DENIED**[4];

4. That the **Defendants' Motion to Dismiss** [#22] filed December 19, 2011, is **GRANTED**;

5. That the plaintiff's Claims One and Three, as stated in his **Prisoner Complaint** [#13] filed September 7, 2011, are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6);

6. That the plaintiff's Claims Two and Four, as stated in his **Prisoner Complaint** [#13] filed September 7, 2011, are **DISMISSED WITH PREJUDICE**[5] pursuant to Fed. R. Civ. P. 12(b)(6);

7. That Plaintiff **SHALL BE PERMITTED** to file a Third Amended Complaint within thirty (30) days of this **ORDER**  (1) to reassert his claim for denial of legal access and retaliation by identifying the unnamed shift commander; and (2) to reassert his First

---

[3] *See* **Order and Recommendation of United States Magistrate Judge** [#29] at 7; **Order To Dismiss in Part and To Draw Case To a District Judge and To a Magistrate Judge** [#14] at 3-4; and plaintiff's **Brief In Objection To Motion To Dismiss** [#25] at 2-4.

[4] 42 U.S.C. § 1997e(e) provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." [#29] at 7.

[5] Dismissal with prejudice is proper in pro se matters "'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." [#29] at 15 quoting [***Oxendine v. Kaplan***, 241 F.3d 1272, 1275 (10th Cir. 2001)].

Amendment claim by (a) specifically identifying his religion; (b) explaining his beliefs; and (c) providing additional factual details about how and for how long his religious practices were impacted by the alleged removal of religious texts from his prison cell; and

  8.  That under 42 U.S.C. § 1988, the plaintiff's requests for attorney fees[6] are **DENIED**.[7]

Dated June 29, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[6] *See* [#29] at 17; [#13] at 11; and [#25] at 13-15.

[7] Under 42 U.S.C. § 1988, "[a]ttorney's fees are not warranted unless Plaintiff is successful in prosecuting his claims." [#29] at 17.

3