**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01374-REB-KLM

LEROY W. BAKER,

     Plaintiff,

v.

BUCKNER, Officer: S.G.T., and
GRANT, Officer,

     Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**Blackburn, J.**

This matter is before me on the filing of the plaintiff captioned "**Objections to the Courts Adoption of Magistrates Recommendations: Requesting: Rehearing**" [#31][1] filed July 16, 2012. I deny the motion.

The plaintiff is acting *pro se*. Therefore, I have construed his filings generously and with the leniency due *pro se* litigants. ***See Erickson v. Pardus***, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). Reading the plaintiff's motion generously, I construe it as a motion for post-judgment relief under FED. R. CIV. P. 59(e) or 60(b).

On May 15, 2012, the United States Magistrate Judge assigned to this case

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

issued an **Order and Recommendation of United States Magistrate Judge** [#29]. None of the parties filed objections to the recommendation.  On June 29, 2012, I issued an **Order Adopting Recommendation of the United States Magistrate Judge** [#30]. In that order, I approved and adopted the recommendation of the magistrate judge, granted the defendants' motion to dismiss, and granted the plaintiff 30 days within which to file an amended complaint, if he chose to do so.  On July 16, 2012, the plaintiff filed his "**Objections to the Courts Adoption of Magistrates Recommendations: Requesting: Rehearing**" [#31].  In his objections, the plaintiff, Leroy W. Baker, objects to the participation of a United States Magistrate Judge in this case, discusses the exhaustion of administrative remedies requirement of §13-17.5-102.3(1), C.R.S., and briefly addresses other topics.  Ultimately, Mr. Baker contends that the magistrate judge completely overlooked his claims and asks that the court be put on notice that he wants to appeal. In essence, Mr. Baker objects to my decision to adopt the recommendation of the magistrate judge.  Therefore, I read this pro se paper as a motion to reconsider my order [#30] adopting the recommendation.

"(A) Rule 59(e) motion is normally granted only to correct manifest errors of law or to present newly discovered evidence." ***Jennings v. Rivers***, 394 F.3d 850, 854 (10th Cir. 2005) (internal quotation omitted).  In his motion, Mr. Baker has demonstrated neither a manifest error of law nor the need to present newly discovered evidence.

Alternatively, Fed. R. Civ. P. 60(b) enumerates six bases on which a party may seek relief from a final judgment.  Having considered the plaintiff's motion, I find that he has not cited or circumstantiated any valid grounds for relief from judgment under Rule

60(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That the filing of the **Objections to the Courts Adoption of Magistrates Recommendations: Requesting: Rehearing** [#31] on July 16, 2012, and construed as a motion under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 59(e) or 60(b), is **DENIED**;

2. That **JUDGMENT SHALL ENTER** in favor of the defendants, BUCKNER, Officer: S.G.T., and GRANT, Officer, against the plaintiff, Leroy W. Baker, on each of the claims asserted in the complaint; and

3. That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 29, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge